## McDONALD v. BOWLES, Price Administrator.

### No. 11034.

Circuit Court of Appeals, Ninth Circuit.

Dec. 28, 1945.

---

742

Charles Reagh, of San Francisco, Cal., for appellant.

George Moncharsh, Deputy Adm'r for Enforcement, David London, Acting Director, Litigation Div., and Samuel Rosenwein, Atty., OPA, all of Washington, D. C., and Herbert H. Bent, Regional Litigation Atty., and W. H. Brunner, Dist. Enf. Atty., OPA, both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

Action was brought by the Price Administrator under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., to enjoin the appellant from selling various meats and meat products at prices in excess of those established by regulations, and for damages in three times the aggregate amount by which the prices charged by appellant in transactions between June 1, 1943, and July 3, 1943, exceeded maximum price regulations.

A pre-trial conference was held. The pre-trial order directed the Price Administrator to deliver to appellant a transcript prepared by investigators of the Office of Price Administration from invoices and records of the appellant. This transcript, hereinafter referred to as Exhibit 1 or the exhibit, not only sets forth the facts of each sale as appeared on each invoice, but also the ceiling price and the amount of overcharge.

Appellant was permitted to specify in writing any objections to this exhibit where appellant deemed true facts were not stated or the proper maximum price was not given. If the objections furnished by appellant could not be reconciled by the parties, the issues raised by these objections would be in issue at the trial. The issues, according to the order, would be limited to those set forth in the pre-trial order. The exhibit and the specification of objections thereto would constitute the complete statement of the case.

If no objections were furnished by the appellant, the order provided that the Court would consider the items in the exhibit to be true, correct and accurate as to the description of item sold, the price charged, the maximum price and the amount of overcharge.

The appellant made no objections to the exhibit. The cause was submitted to a jury, and the jury found for the Price Administrator assessing damages in the amount of $4,634.07. A judgment was entered on the verdict for the specified damages and costs. Another judgment was entered enjoining the appellant, officers, agents, employees, agents, etc. from selling merchandise above the maximum price set by regulations, and directing the appellant to keep accurate records of sales, and furnish the purchaser with a written statement as required by the Regulations.

The purpose of the pre-trial conference [1] is to simplify the issues, amend the pleadings where necessary, and to avoid

[1] "Rule 16. Pre-Trial Procedure; Formulating Issues

"In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider

"(1) The simplification of issues;

"(2) The necessity or desirability of amendments to the pleadings;

"(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

"(4) The limitation of the number of expert witnesses;

"(5) The advisability of a preliminary reference of issues to a master for findings to be used as evidence when the trial is to be by jury;

unnecessary proof of facts at the trial. The pre-trial order in this case directed appellant to make objections to the exhibit so that the objections as well as the exhibit would comprise the statement of facts in dispute. Appellant was in the position to dispute the facts as considered at the pre-trial conference and as appeared in the exhibit but refused to do so. The jury found the facts to be as submitted in the exhibit, and those facts are conclusive as far as this court is concerned.[2] We can only affirm the judgment of the lower court.

Affirmed.

"(6) Such other matters as may aid in the disposition of the action.

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions." 28 U.S.C.A. following section 723c.

2 § 773, Title 28 U.S.C.A. and cases cited in footnote. Manual of Federal Appellate Procedure, Third Edition, O'Brien, page 188.