## BERGER v. BRANNAN.

### No. 3729.

United States Court of Appeals
Tenth Circuit.

Jan. 27, 1949.

Rehearing Denied March 7, 1949.

Frank A. Bruno, of Denver, Colo., for appellant.

Rogers N. Robinson, of Philadelphia, Pa. (W. Carroll Hunter, of Washington, D. C., and S. E. Paul, Office of Sol., U. S. Dept. of Agriculture, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

On June 24, 1947, Clinton P. Anderson, then Secretary of Agriculture, instituted this action in the United States District Court for the District of Colorado, against Ray S. Berger, doing business as Berger Sales Company, seeking treble damages under the Emergency Price Control Act of 1942, § 205, 50 U.S.C.A.Appendix, § 925, for sales of rice at prices in excess of the maximum prices established under the applicable regulation. In support of the allegations of the complaint, and as a part thereof, there was attached thereto an exhibit marked Exhibit "A" which listed eighty-one sales of rice. The exhibit set out the date of each sale, its invoice number, the sale price, the defendant's cost price, percent of each mark-up, the legal resale price, the ceiling price, and the overcharge. The proper Government officials had, prior thereto, obtained by subpœna duces tecum appellant's books, and the complaint alleged that Exhibit "A" was prepared from such books and that the recapitulation set out therein correctly reflected the condition of the books as to those matters and that all data therein was taken from such books.

Defendant filed a motion to dismiss and a motion for a bill of particulars. More than two months thereafter the motion to dismiss was withdrawn and the motion for a bill of particulars was denied. Almost two months thereafter, an answer was filed admitting sales, but denying the correctness of the statistical data set out in the exhibit. The answer specifically denied that the exhibit correctly set out the type of sales, the correct sale price, and that defendant had demanded or received any price not allowed, permitted or fixed by the pertinent price regulation.

A pre-trial conference was held at which all the allegations of the complaint were admitted except the correctness of the compilation set out in Exhibit "A". Defendant claimed that these items were wrong because plaintiff had failed to take into account proper classifications for purposes of establishing the rate of mark-up, freight, packaging, delivery charges and various zones in which sales were made.

It is clear from the record that this additional data which defendant claimed had been omitted from Exhibit "A" was reflected by defendant's books. Thus, when the court inquired of defendant's attorney how the administrator was going to know what items should be added, defendant's attorney replied, "How can I tell him except from the records that we have, your Honor, and he has had those over a year." When the Court stated, "I know, but they are your records, so you ought to be able to furnish that information," counsel for defendant replied, "I will be glad to give him back the record if he wants it. It's a big accounting job, your Honor." After considerable colloquy, the court entered the following pre-trial order: "It will be the order of the Court that the defendant may take Exhibit A and make up its own copy of Exhibit A and add to it the items just enumerated, which it claims it was entitled to add to the ceiling price, and file the same in—thirty days or sixty days?"

Defendant objected to this order on the ground that it compelled him to prove plaintiff's case. Defendant did not complete his exhibit pursuant to the order of the court within sixty days. After the expiration of that time, plaintiff filed a motion for summary judgment. Attached thereto was the affidavit of John B. O'Malley to the effect that he had prepared the compilation set up in Exhibit "A" from defendant's books; that it contained a full, complete, correct and true itemization as reflected by the records and that all the items, charges and overcharges were accurately compiled in accordance with the applicable price regulations.

Thereafter defendant appeared in court with its compilation and asked permission to file it out of time. This compilation admitted overcharges in the amount of $2,308. On a hearing, the court denied the defendant a right to file this compilation and entered summary judgment for plaintiff in the amount of the actual overcharges as reflected in Plaintiff's Exhibit "A". Appellant does not challenge the order of the court denying him the right to file his compilation out of time. Two points are raised by this appeal. First, that the court erred in its order directing appellant to make up an exhibit showing the items he claimed appellee had omitted from his Exhibit "A", and second, that the court erred in entering summary judgment.

There was no dispute between the parties as to any elements which went to make up appellant's cost or as to the mark-up which he was entitled to take. Thus, appellee concedes that packaging the goods, making sales either at retail or wholesale, the kind of wholesaler to whom sales were made, and the zone within which the goods were delivered, all were elements of cost to be taken into account. It must also be conceded that these items, if any, were reflected by appellant's books. The only question then is, appellant having contended that appellee's Exhibit "A" was in error because it did not reflect all these items, could the court, in a pre-trial conference, enter an order requiring appellant to point out the items on its books which it claimed appellee had omitted from its exhibit?

It is true, as contended by appellant, that the pre-trial procedure, set up by Federal Rules of Civil Procedure, Rule 16, 28 U.S.C.A., may not be turned into a device by which a litigant can make use

of his opponent's preparation for trial and by which one may be compelled to reveal to his opponent the facts upon which his defense or cause of action is based; neither may a pre-trial conference take the place of a regular trial. On the other hand, it is more than a mere conference at which the court seeks to obtain an elimination of issues or withdrawals of groundless allegations or denials. The court has power to compel parties to agree as to all facts concerning which there can be no real issue.

In McDonald v. Bowles, 9 Cir., 152 F. 2d 741, 742, a similar situation was involved. There, as here, an exhibit, prepared from the books of one of the parties, was objected to by the other party. The court, in its pre-trial order, directed the objecting party to set out the objections so that they could be considered with the original exhibit. Upon refusal so to do, the court held that the jury was warranted in accepting, as true, the facts as shown in the original exhibit. In the opinion, the court said: "The purpose of the pre-trial conference is to simplify the issues, amend the pleadings where necessary, and to avoid unnecessary proof of facts at the trial."

The spirit of a pre-trial procedure is not only to call the parties together and ask them to stipulate as to all matters concerning which there can be no dispute, but to compel them to stipulate and agree as to all facts concerning which there can be no real issue. The court has a right to compel the parties to do this. This is the philosophy of the McDonald case.[1] Unless the court has such power, a pre-trial conference is indeed innocuous and of little help. Without Rule 16, the court always has had the power to ask the parties to meet and request them to try and get together on all such matters. The purpose of the pre-trial procedure is to compel them to do this.

Since the only issue between the parties was what material data was recorded on appellant's books and since appellee had alleged that his Exhibit "A" correctly reflected all pertinent data, the court was not required to stand by, permit appellant to rest on its general denial and await the outcome of a long expensive trial, to see whether such a denial was sustained. Since appellee conceded appellant's rights to credit for all such items, but claimed it had given such credit in the preparation of Exhibit "A", the court had power under Rule 16 to require appellant to point out specifically what items on its books were omitted from appellee's Exhibit "A".

Appellant having failed to do this, there was no real issue of fact in dispute. Plaintiff's Exhibit, buttressed by the affidavit of the person who prepared it stating that it correctly reflected all pertinent items shown by appellant's books, stood unchallenged and the court properly sustained his motion for summary judgment under Rule 56.

Affirmed.

---

[1] Penn v. Automobile Ins. Co., D.C., 27 F.Supp. 337.