Leona HOLCOMB, individually; Leona Holcomb, as guardian of the person of Donald George Fleming, a minor; Donald George Fleming, a minor; Frank T. Denham; May Cecilia Denham; Dorothy Lee Denham, a minor; Carolyn Denham Lumley; May Cecilia Denham as guardian of Dorothy Lee Denham, a minor; George Denham; Clarence Denham; Mary Jane Hopkins, nee Wright; and Mary Ellen Cash, Appellants,

v.

ÆTNA LIFE INSURANCE COMPANY, a corporation; Francis X. Rettenmeyer, Executor of the Estate of Joseph A. Rettenmeyer, deceased; F. E. Pence; Virgil F. Sprankle; Grover D. Strother; A. N. Murphy; Justin W. Faherty and First National Bank and Trust Company of Oklahoma City, Appellees.

Donald George FLEMING, a minor, individually, and by Leona Holcomb as Guardian; Mary Jane Hopkins; Frank T. Denham; May Cecilia Denham; Dorothy Lee Denham, a minor; Carolyn Denham Lumley; May Cecilia Denham as Guardian of Dorothy Lee Denham, a minor; George Denham; Clarence Denham and Leona Holcomb, individually, Appellants,

v.

ÆTNA LIFE INSURANCE COMPANY, a corporation, and F. E. Pence, Appellees.

Nos. 5620, 5621.

United States Court of Appeals
Tenth Circuit.

May 12, 1958.

Rehearing Denied June 20, 1958.

Glenn O. Young, Sapulpa, Okl. (John W. Young, David Young and Glenn A. Young, Sapulpa, Okl., with him on the brief), for appellants.

Robert J. Woolsey, Tulsa, Okl. (J. C. Farmer, Otho Flippo and J. B. Bailey of Farmer, Woolsey, Flippo & Bailey, Tulsa, Okl., with him on the brief), for appellee Aetna Life Insurance Company.

Philip M. Landa, Tulsa, Okl., for appellee F. E. Pence.

Sam T. Allen, III Sapulpa, Okl. (Moraul Bosonetto, Sapulpa, Okl., with him on the brief), for appellee Francis X. Rettenmeyer.

Joseph Sharp, Tulsa, Okl., and Robert D. Looney, Oklahoma City, Okl., (Bryan W. Tabor of Rucker, Tabor & Cox; Robert D. Hudson of Hudson, Hudson & Wheaton, Tulsa, Okl.; Looney, Watts, Looney & Nichols and Joseph Rucks of Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Oklahoma City, Okl., with them on the brief), for appellees First National Bank and Trust Company et al.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

Appellants have been subjected to an adverse judgment rendered summarily after pre-trial which judgment includes a permanent injunction prohibiting them from further prosecution of asserted claims against appellees now pending or potential in the state courts of Oklahoma. The instant action is one in interpleader and its nature premises the trial court's ruling that the federal court provides the proper forum for the

determination of the various issues interwoven through the claims of all the parties. Upon appellants' failure and refusal at pre-trial to tender those issues asserted by them against appellees in a pending state court suit the trial court took its summary action.

Aetna Life Insurance Company instituted this action in interpleader by filing a complaint in the District Court for the Northern District of Oklahoma alleging that the company had entered into a single premium annuity contract with Rosa B. Wright Rettenmeyer during her lifetime; that Mrs. Rettenmeyer had since died and that by the terms of the contract the company was then obligated to pay the continuing benefits to the contingent beneficiaries named in the agreement; that the beneficiaries asserted such contract rights to be valid and binding upon the company; that certain of the heirs [1] of Mrs. Rettenmeyer had by the instigation of an action in the state courts of Oklahoma attacked the validity of the annuity contract and were asserting the claim that Aetna, acting in concert with others, had through fraud and connivance practiced upon Mrs. Rettenmeyer converted certain of Mrs. Rettenmeyer's funds constituting the equivalent of the premium payments received by Aetna. Pointing to the existence of but a single liability but the possibility of being required, if separate suits prevailed, to disgorge the consideration of the annuity contract yet pay its benefits, Aetna named the heirs of Mrs. Rettenmeyer and the beneficiaries of the contract as defendants and sought relief in interpleader. The trial court issued a temporary injunction prohibiting the defendants from initiating or prosecuting any action against Aetna which touched the subject matter of the complaint in interpleader. The validity of this action of the trial court together with concomitant jurisdictional questions was tested and upheld by earlier appeal to this court, 228 F.2d 75, 81, wherein it was held that the controversy presented "justiciable questions appropriate for determination in an action in the nature of interpleader" and "questions which cannot be adjudicated with finality and conclusiveness as to all parties in interest in either of the cases pending in the state courts." Certiorari to the United States Supreme Court was denied, 350 U.S. 986, 76 S.Ct. 473, 100 L.Ed. 853, and the cause was returned to the District Court for further proceedings.

Subsequent to this remand, Aetna filed its complaint in the companion case here under consideration, alleging substantially the same bases for interpleader as to an endowment contract bought at the same time by Mrs. Rettenmeyer upon the life of Donald George Fleming. It was asserted that the balance of the proceeds from the purportedly converted bonds paid the premium upon this policy. The issues before the trial court and before this court are controlled by virtually the same facts and the same law and require no separate discussion.

Timely petitions for leave to intervene were filed by those persons other than Aetna who appellants asserted had participated in the conversion of Mrs. Rettenmeyer's bonds. Leave was accordingly granted and those parties are now included as present appellees.

Notwithstanding the earlier holding of this court as expressed in the opinion of Chief Judge Bratton, supra, that a justiciable issue in federal interpleader existed as to whether or not Aetna should be required to part with the premiums received by them for the annuity contract because of a conversion of

1. Since this litigation has been in progress since 1954 changes in named parties plaintiff and defendant in various actions have been necessitated by death and successions; some actions instituted in the Oklahoma state courts have been dismissed, others initiated. We do not consider it necessary to detail the transition of parties and actions nor to refer to the parties by name except in occasional instances. Appellants claim as heirs of Mrs. Rettenmeyer and will be referred to as such.

Mrs. Rettenmeyer's bonds as asserted by appellants in the state court action, appellants refused to tender this issue at the pre-trial conference. To the contrary, counsel for appellants expressly stated that no claim was made relative to the obligation of Aetna under the contracts in opposition to payment to the beneficiaries[2] in accord with the contract terms. The trial court, after careful explanation of the posture of the case and the consequence of the position adopted by the parties, found that no issue of fact existed which was determinative of the issues properly present in the interpleader and rendered summary judgment accordingly. To support the summary disposition of the controversy the trial court expressly found the uncontroverted (in law) fact to be that the property asserted by appellants to have been converted by Aetna from the lifetime estate of Mrs. Rettenmeyer was the same property received by Aetna as consideration for its contracts. In this regard appellants now question first the power of the court to determine a question of fact at pre-trial and second the validity of the particular finding that the proceeds of the bonds allegedly converted paid the premium on the insurance policies. This question is vital to the determination of whether interpleader will lie as it must necessarily settle the issue of whether the conversion alleged in the state court action is sufficiently related to the contracts before the court to constitute a single transaction giving rise to a single liability.

The prior appeal of this case recognized that this issue was before the court to be determined on trial as to the annuity policy. As to the endowment policy, the complaint states:

"Plaintiff alleges further that its liabilities under said policy or its transactions with Rosa B. Wright Rettenmeyer can be fully determined and decided upon the issues presented by its complaint for declaratory judgment avoiding a multiplicity of suits for the reason that should the guardian of Donald George Fleming and the defendants other than Donald George Fleming prevail in the action and recover the monies paid for the premium by Rosa B. Wright Rettenmeyer, still the plaintiff might be faced with a suit by Donald George Fleming to enforce the contract of insurance * * *."

The issue before the court was precisely the one giving rise to an interpleader action and its determination cannot be circumvented by a refusal on the part of a party to offer any evidence.

▆▆▆ The purpose of pre-trial conferences is to simplify the issues and eliminate waste of time and money by avoiding unnecessary proof of facts at the trial. McDonald v. Bowles, 9 Cir., 152 F.2d 741. Where at pre-trial admissions and pleadings show that no issue of fact remains to be determined, the court has the power to decide the questions of law and enter summary judgment thereon, 22 A.L.R.2d 609.

▆▆▆ A pre-trial conference is more than a mere conference at which the court seeks to eliminate groundless allegations or denials and the court has the power to compel the parties to agree to all facts concerning which there can be no real issue. Berger v. Brannan, 10 Cir., 172 F.2d 241, 243, certiorari denied 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746; McDonald v. Bowles, supra. In the Berger case, the plaintiff had prepared a statement of sales and prices; the defendant urged that portions were omitted but failed to show wherein the statement was faulty; the trial court entered summary judgment, treating the plaintiff's statement as true. In affirming the judgment of the lower court, this court stated:

"Since the only issue between the parties was what material data was recorded on appellant's books and

---

2. Some but not all of the appellant heirs are also beneficiaries of the annuity contract.

since appellee had alleged that his Exhibit 'A' correctly reflected all pertinent data, the court was not required to stand by, permit appellant to rest on its general denial and await the outcome of a long expensive trial, to see whether such a denial was sustained."

In the present case, Aetna alleged in its amendment to its complaint for interpleader:

"That the annuity contract mentioned in its original complaint, No. AN 33409 * * * was purchased by Mrs. Rosa B. Wright Rettenmeyer with the proceeds of the United States Government bonds mentioned in paragraph 13 of the amended petition filed by Leona Holcomb, et al. in Case No. 29092 in the District Court of Creek County and mentioned in paragraph 14 in the original petition filed by the plaintiff Leona Holcomb, et al. in Case No. 29092."

Intervenor F. E. Pence, the policy-writing agent of Aetna, alleged:

" * * * The said bonds were converted into cash and the cash proceeds deposited in the First National Bank and Trust Company of Oklahoma City to the account of Rosa B. Wright Rettenmeyer. Thereafter, Joseph A. Rettenmeyer, under the power of attorney granted to him by Rosa B. Wright Rettenmeyer, drew a check or checks upon the account of Rosa B. Wright Rettenmeyer in payment of the premium or premiums on the Aetna Life Insurance Company annuity contract and insurance policy on the life of Donald George Fleming. * * *"

To these complaints general denials were entered but throughout the proceedings the fact that the proceeds of the bonds had been used to purchase the policies was apparently recognized by counsel on both sides.

The state court action against Aetna was based on the theory of a principal's liability for its agent's acts and that complaint specifically alleges that F. E. Pence was acting within the scope of his employment.

Attorneys for Aetna offered to show the receipt of the money from the proceeds of the bonds and the payment of the premium in the account books of the Rosa B. Wright Rettenmeyer estate. Counsel for the defendants were willing to stipulate to what the record books would show.

Other statements by defendants' attorneys indicate that they had no other theory of conversion than that Aetna had wrongfully accepted payment for insurance policies:

" * * * let it suffice to say that we have filed suit in the District Court of Creek County, Oklahoma. Originally the suit was filed for conversion by fraud for damages for the taking of the money that ultimately wound up in what they refer to generally heretofore in this litigation as the big policy. That is, this policy with the $162,000 single premium."

And again:

"They take those bonds that are non-negotiable and then have Mr. Pence execute a form whereby he purports to authorize exchange of those bonds for negotiable bonds, some that can be exchanged, and having exchanged the non-negotiable bonds for cash, and deposited that to her credit in the bank."

Despite all of these indications that the suit in the state court was premised on a fraudulently executed insurance contract, defendants' counsel insisted, when pressed by the court as to their position that "We don't know what the Aetna did with the money. We say that Aetna's general agent went into this safety deposit box, and took the bonds —".

■ Under the circumstances, the trial court was justified in making the finding that the conversion complained of in the state court was an attack on

the validity of the contract and a proper matter to be determined by an action in interpleader, in accord with the rule of Berger v. Brannan, supra.

Appellants had a second chance to defeat the interpleader action by showing that the money was actually converted by Aetna and the other defendants in the state court action and that Aetna's admission of the amount due under the contract was given in bad faith in order to avert liability for a greater amount as damages in conversion. Instead, however, they insisted on the validity of the contract in order to preserve its benefits to those of their number who were beneficiaries under the policies.

■ If the consideration was wrongfully obtained, there was no meeting of the minds, the contract fails, and the estate of the promisee may seek rescission of the contract and any damages occasioned by the wrongful act of fraud or conversion. On the other hand, the estate may not contend that the contract is valid for the purposes of enforcement and assert at the same time that the vital part of the contract, the consideration, was not the bargained-for price of the promise.

In all, appellants set forth thirty-one assignments of error many of which renew arguments considered upon the first appeal and many of which appear to be rejections of established law. Although we have considered each such assignment we find no substance to the arguments advanced and they merit little discussion. Appellants, for example, would have us find fraud as a matter of law from the facts that Mrs. Rettenmeyer's will and ante nuptial contract evidence an intent to limit her bequest to her husband, whereas subsequently an annuity contract was obtained providing him with an income for life at a premium amounting to that which will ultimately be returned under the contract.

Here again, appellants have ratified the contract by insisting that it is valid and enforceable.

■ Relying upon a single case, Lowther v. New York Life Ins. Co., 3 Cir., 278 F. 405, appellants urge that a court may not permanently enjoin a prior state court suit in an interpleader action. Suffice it to say that that case interpreted law in effect in 1922 and the clear language of 28 U.S.C.A. § 2361 authorizes the permanent injunction in an interpleader matter.

■ Appellants' complaints anent ·the lack of diversity jurisdiction apparently relate to the fact that the state court action involving the same parties could not be removed since Oklahoma residents were both parties defendant and plaintiff. Plaintiff Aetna brought its complaint in interpleader against claimants of diverse citizenship as required by 28 U.S.C.A. § 1335. All adverse claimants to the fund before the court in an interpleader suit need not be of diverse citizenship and it is sufficient if the citizenship of more than one state is represented among the defendants, United States v. Sentinel Fire Ins. Co., 5 Cir., 178 F.2d 217. Furthermore, the permissive intervention of Oklahoma residents as parties will not divest the court of interpleader jurisdiction previously acquired. Wichita R. & Light Co. v. Public Utilities Comm., 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124.

■ Although the intervenors were not necessary parties to the interpleader action, the question of whether or not there had been a conversion of Mrs. Rettenmeyer's bonds by them was governed by the same facts and law determining Aetna's liability and the court properly allowed them to intervene, Federal Rules of Civil Procedure, Rule 24(b) (2), 28 U.S.C.A.

Affirmed.