**Alfonso K. DORMU, Appellant,**

**v.**

**C. O. GILL and District of Columbia, Appellees.**

**No. 5683.**

District of Columbia Court of Appeals.

Argued April 5, 1971.

Decided May 10, 1971.

Jerry S. Byrd, Washington, D. C., for appellant. Alfonso K. Dormu was on the brief, pro se.

Leo N. Gorman, Assistant Corp. Counsel, with whom C. Francis Murphy, Acting Corp. Counsel, and Richard W. Barton, Assistant Corp. Counsel, were on the brief, for appellees.

Before GALLAGHER, REILLY and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant, plaintiff below, seeks to set aside an order of dismissal entered by the court sua sponte in the course of a pre-trial conference. Appellant originally filed this suit in the United States District Court for the District of Columbia seeking damages against Officer Gill and the District of Columbia. He alleged that he had been "falsely arrested" and "falsely imprisoned" by the appellees. The case was certified to the Court of General Sessions and subsequently dismissed by the pre-trial judge "for failure to state a claim upon which relief may be granted." The court's order further provided:

> The pretrial statement does not assert blameless conduct on the part of the plaintiff and, if true, the statement of the case in the pretrial statement would not support a verdict against defendants.

The pre-trial statement had been submitted in accordance with former GS Civ. Rule 16,[1] which required each party to submit a pre-trial statement to the court at the conference. That rule also provided in part: "Such conference shall consider: (1) The simplification of the issues; (2) The necessity or desirability of amendments to the pleadings. * * *"

Appellant's pre-trial statement, under a subheading entitled "Occurrence", alleged that on September 22, 1968, at 8:00 a. m., he was arrested in a laundromat and charged with disorderly conduct; that he was taken to the 10th Precinct, where he spent 3 hours in jail; that he was not permitted to consult with counsel, and that he finally secured his release by posting $10.00 collateral. Appellant also contended that Officer Gill failed to record his request for trial on the merits and improperly noted that he had chosen to forfeit collateral.

Appellant then stated, under the subheading of "Negligence":

1. False arrest and imprisonment.

2. Failure to record the plaintiff's request for trial.

Appellant further stated, under the subheading "Damages", that "he was damaged as a result of his false arrest and false imprisonment. * * *"

While appellant did not assert facts establishing "blameless conduct" on his part,[2] he did allege conclusions which stated a claim upon which relief could be granted. Appellant's allegation of "false arrest" and "false imprisonment" on the part of appellees certainly was an effort by a pro se plaintiff to assert wrongdoing by appellees even though he did not set forth facts to support the issue he was trying to raise.

The record does not reflect that the court made any effort at the pre-trial conference, to formulate the issues or elicit a statement of essential facts before dismissing appellant's action. Furthermore, when the pre-trial judge issued his order dismissing appellant's claim, appellees had neither moved for dismissal nor summary judgment.

█ "The chief purposes of the pre-trial conference are to define and simplify the issues * * *."[3] Summary disposition will not be had at a pre-trial conference unless the facts material to a cause of action are shown to be undisputed, and those facts so established indicate an unequivocal right to judgment favoring a party. Wirtz v. Young Electric Sign Co., 315 F.2d 326, 327 (10th Cir. 1963). See also Holcomb v. Aetna Life Insurance Co., 255 F.2d 577 (10th Cir. 1958). In view of appellant's contentions and appellees' denial of all allegations of wrongful conduct, it

---

1. Former GS Civ.Rule 16 was patterned after Rule 16 of the Federal Rules of Civil Procedure.

2. See Shaw v. May Department Stores Co., D.C.App., 268 A.2d 607 (1970).

3. 3 J. Moore, Federal Practice ¶ 16.02, at 1106 (2d ed. 1968). 1A Barron & Holtzoff § 471, at 830 (1960).

could not be said that the facts were undisputed. Accordingly, in this case the court, in an effort to determine if appellant could support his conclusions with factual statements, should have adhered to the spirit of pre-trial procedure and pursuant to former GS Civ.Rule 16(a) (2) instructed appellant to amend his pre-trial statement to set forth the facts at hand.

 It may be that "[w]here * * * pre-trial admissions and pleadings show that no issue of fact remains to be determined, the court has the power to decide the questions of law and enter summary judgment thereon, 22 A.L.R.2d 609." *Holcomb, supra* at 580. That is not the case here. The court's order, dismissing appellant's cause of action, in the face of disputed allegations, was error and another pre-trial conference must be held to determine if appellant can supply a statement of facts that will support a cause of action.

Reversed and remanded.