542 F.2d 1318
 40 A.L.R.Fed. 845
 J. F. EDWARDS CONSTRUCTION COMPANY,
Plaintiff-Counter-Defendant-Appellee,
v.
ANDERSON SAFEWAY GUARD RAIL CORPORATION,
Defendant-Cross-Plaintiff-Appellant,
and
Westinghouse Electric Supply Company,
Defendant-Counter-Plaintiff-Appellee.
 No. 76-1392.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 13, 1976.
Decided Oct. 21, 1976.
 
 Chester T. Kamin, Chicago, Ill., T. John Lesinski, Southfield, Mich., for appellant.
 Herbert M. Spector, Gerry M. Rinden, Rock Island, Ill., for appellee.
 Before CASTLE, Senior Circuit Judge, CUMMINGS and PELL, Circuit Judges.
 PER CURIAM.
 
 
 1
 J. F. Edwards Construction Company, an Iowa corporation, was the general contractor for two highway lighting projects in Wisconsin and one highway lighting project in Illinois. Edwards agreed to erect high-mast lighting towers with lowering devices and to perform other lighting work on the projects. Edwards ordered all materials for the projects from Westinghouse Electric Supply Company. In turn, Westinghouse, a Delaware corporation, entered into an agreement with Anderson Safeway Guard Rail Corporation under which Anderson, a Michigan corporation, agreed to supply the towers and lowering devices.
 
 
 2
 A series of problems developed between Edwards and the two states concerning the timely completion of the projects and the quality of the labor and materials, causing the states to withhold substantial payment on their contracts with Edwards.
 
 
 3
 In February 1974, Edwards sued Anderson for damages in the Circuit Court of Henry County, Illinois. A month later this suit was removed by Anderson to the court below on diversity grounds. In May 1974, Edwards amended its complaint by adding Westinghouse as an additional defendant. In May 1975, Edwards again amended its complaint by adding additional counts.
 
 
 4
 In March 1974, Anderson sued Westinghouse in the Eastern District of Michigan seeking $118,234.72 for materials Anderson had furnished to Westinghouse. The two federal actions were consolidated on May 8, 1975, at a pre-trial conference. At this conference, pursuant to the district court's Standing Order on Pre-Trial Conferences (Appendix infra ), the parties were directed to file a stipulation of facts by July 1, 1975, and a pre-trial order by August 1, 1975, each to be signed by the respective parties. Trial was tentatively scheduled for November 10, 1975. On June 26, Edwards' counsel submitted a draft of a proposed stipulation of facts to counsel for the other parties. The draft was approved with minor changes by Westinghouse but proved unacceptable to Anderson. On July 17, Edwards again asked Anderson to stipulate but received no response. When the August 1 deadline arrived, Edwards' counsel tendered to the court a pre-trial order and stipulation of facts signed by him and Westinghouse counsel. On August 20, Anderson's local counsel, Martin H. Katz, wrote a letter to the court indicating that the stipulation had not been agreed to by August 1 because discovery was not yet complete. On August 25, the district court forwarded the proposed pre-trial order and stipulation to Anderson's counsel, stating that the final pre-trial order and stipulation of facts should be on file by October 1, 1975.
 
 
 5
 On September 26, Anderson's principal counsel submitted to opposing counsel its objections to seven of more than eighty items in the Edwards-Westinghouse stipulation of facts and enclosed Anderson's proposed stipulation of facts and pre-trial order.
 
 
 6
 At a meeting on October 3, 1975, attorneys for the parties signed Anderson's proposed pre-trial order and submitted it to the court on or about October 9.[1] At the same time, inasmuch as the parties were in disagreement as to a proper stipulation of facts, Edwards and Westinghouse submitted their signed stipulation of facts and Anderson submitted its signed stipulation of facts. On October 23, the trial was rescheduled to February 9, 1976, because of the district court's congested criminal calendar.
 
 
 7
 At a December 15, 1975, hearing on Anderson's motion for summary judgment against Westinghouse, the district court returned the proposed October 9 pre-trial order, stating that it was defective inasmuch as specific objections to Anderson's exhibits were not listed. The court stated that the parties should prepare an acceptable pre-trial order and stipulation of facts.
 
 
 8
 At another pre-trial conference on December 22, the court requested the parties to stipulate the true and provable facts in accordance with its standing pre-trial order. On the same date, counsel for the parties conferred about a set of stipulated facts and allegedly agreed upon same. This stipulation of facts was drawn up by using paragraphs from both the final Edwards-Westinghouse draft and the Anderson draft. Anderson was thus willing to enter into a 69-paragraph stipulation of facts before Edwards, three weeks later, sent in its deletions thereto.
 
 
 9
 On January 13, Edwards' counsel forwarded to Anderson copies of what was supposed to be the final stipulation of facts, but Anderson's counsel informed the trial court by letter of January 27 that Anderson refused to sign it on the ground that Edwards' counsel had "eliminated a number of facts previously agreed upon." On January 27, a pre-trial order was filed by Edwards and Westinghouse and executed by the trial judge without the signature of Anderson's counsel. Simultaneously, they filed a stipulation of facts without his signature.
 
 
 10
 On January 29, Anderson's counsel wrote the trial judge amplifying Anderson's reasons for refusing to sign the stipulation. Anderson's counsel maintained that Edwards' counsel had deleted 19 specified matters from the stipulation of facts supposedly agreed upon December 22, thus causing Anderson's counsel to refuse to execute the stipulation of facts. However, he stated that he would be amenable "once again to resolve these matters in a reasonable, prudent, and professional manner."
 
 
 11
 On January 28, Edwards and Westinghouse filed a motion requesting the district court to enter an order striking Anderson's pleadings and for other relief. The same day Anderson's local counsel, Martin H. Katz, filed a motion for leave to withdraw, which was granted.[2] This action caused Anderson to file affidavits of bias and prejudice against Judge Morgan on February 2. He ruled them insufficient one week later.
 
 
 12
 On February 9, 1976, Judge Morgan also took the following actions:
 
 
 13
 1. All Anderson's pleadings were stricken.
 
 
 14
 2. Judgment was entered for Edwards on Anderson's counter-claim.
 
 
 15
 3. Anderson's complaint against Westinghouse was dismissed.
 
 
 16
 4. Judgment was entered against Anderson on Edwards' complaint "subject to jury verdict on the dollar amount of damages proven in ex parte proceedings."
 
 
 17
 5. Westinghouse's cross-complaint against Anderson was dismissed as moot.
 
 
 18
 Anderson's oral motion to pursue an immediate interlocutory appeal under 28 U.S.C. § 1292(b) was denied. On the next day, the district court permitted a jury to render an ex parte verdict against Anderson in the sum of $89,018.66 after hearing the testimony of John F. Edwards, Sr., the chairman of the board of Edwards. Anderson's motion to vacate judgments, for a new trial and other relief was denied on February 24 and its notice of appeal was filed on March 11. We reverse except with respect to the recusal order.
 
 
 19
 In supporting the district judge's draconian orders against Anderson, Edwards and Westinghouse rely primarily on Rule 16 of the Federal Rules of Civil Procedure, Rule 10 of the Rules of the United States District Court for the Southern District of Illinois (Local Rule 10), and the trial court's Standing Order on Pre-Trial Conferences in Northern Division Civil Cases (Standing Order). Rule 16 permits a trial court to direct attorneys for the parties to appear before it for a pre-trial conference to consider five prescribed matters and "(s)uch other matters as may aid in the disposition of the action." Under this catch-all clause and paragraph 3 of Rule 16,[3] Judge Morgan was clearly within his rights in asking counsel for the three parties to try to stipulate all possible facts. By all means, such stipulations should be encouraged. Yet, on the other hand, nothing in Rule 16 empowers a court to compel the parties to stipulate facts. Similarly, Local Rule 10 does not make it mandatory to stipulate facts.[4]
 
 
 20
 The district court's Standing Order is reproduced in the Appendix to this opinion. Two sections of the Standing Order deal with stipulations of facts in the context of a pre-trial conference. Section III(A)(2), in pertinent part, directs counsel to confer in advance of the pre-trial conference for the purpose of entering into a written stipulation or statement of all uncontested facts. Counsel for the parties complied with this provision by attempting to arrive at a mutually acceptable stipulation. Anderson's counsel submitted its stipulation of facts to Westinghouse and Edwards, whose counsel refused to agree thereto. Earlier, Edwards had submitted a stipulation of facts to which Westinghouse agreed but Anderson did not. It is most unfortunate that counsel for the three parties could not at least agree to stipulate to some facts, but Section III(A)(2) only requires the parties to confer for the purpose of generating stipulations and this the parties clearly did.
 
 
 21
 Section III(B)(1) of the Standing Order, however, does require counsel to submit "(t)he written statement * * * of the uncontested facts signed on behalf of all parties" at the final pre-trial conference. To the extent that this language can be read to mandate that stipulations of facts must be made, it may not stand. On its face, Rule 16 of the Federal Rules of Civil Procedure does not authorize a court to force parties to stipulate facts to which they will not voluntarily agree. Under Rule 83 of the Federal Rules, the district court's Local Rule 10 and its Standing Order must be consistent with the Federal Rules of Civil Procedure. As noted in this case, the parties could not agree on a final stipulation of uncontested facts. Of course, counsel should have been more tractable and stipulated all possible facts to shorten the trial instead of being so intransigent in their respective positions. Yet even in this posture, the Standing Order cannot authorize sanctions which are not explicitly authorized by the Federal Rules. As Moore's Treatise notes, a pre-trial conference may save time and expense "perhaps by leading the parties to stipulate that certain documents will be produced or desired information furnished" (3 Moore's Federal Practice," P 16.16, at 1126 (2d ed. 1974)), but we have been cited to no authorities showing that a district court has the power to force parties to stipulate facts unless they can agree on the same.
 
 
 22
 Link v. Wabash R. R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 is of no avail to Edwards and Westinghouse because there the Supreme Court merely approved the inherent power of the district courts sua sponte to dismiss an action for failure to prosecute by plaintiff's non-appearance at the pre-trial conference, in addition to its earlier dilatoriness. Similarly, Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415 (1st Cir. 1976), does not aid their position. Mills involved a defendant with a history of disregarding court orders and schedules and his refusal on the trial date to accept a settlement acquiesced in by his trial counsel where the jury had been dismissed in reliance on the settlement. Further, Mills concerned Rule 55(b)(2) of the Federal Rules of Civil Procedure rather than Rule 16 or 41(b). Finally, Berger v. Brannan, 172 F.2d 241 (10th Cir. 1949), certiorari denied, 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746, and Holcomb v. Aetna Life Ins. Co., 255 F.2d 577 (10th Cir. 1958), certiorari denied, 358 U.S. 879, 79 S.Ct. 118, 3 L.Ed.2d 110, in spite of loose dicta, do not support the district court's compelling unwilling parties to stipulate. Berger simply held that the opponent of a summary judgment motion could not rely on a general denial to indicate the existence of disputed facts which would require dismissal of the motion. Holcomb also concerned the sufficiency of a general denial to establish the disputed facts needed to defeat a summary judgment motion.[5]
 
 
 23
 Behind the face of Rule 16, a narrowly circumscribed area of power has developed which the judge may employ to compel obedience to his requests and demands relating to the pre-trial conference. This power may be founded either upon Rule 41(b) or upon the inherent power of courts to manage their calendars to have an orderly and expeditious disposition of their cases. Link v. Wabash R. R. Co., supra, 370 U.S. at 629-632, 82 S.Ct. 1386. Whatever the exact genesis of this power to compel obedience, the key is a failure to prosecute,[6] whether styled as a failure to appear at a pre-trial conference,[7] failure to file a pre-trial statement,[8] failure to prepare for the conference[9] or failure to comply with the pre-trial order.[10] See Note, Federal Pre-Trial Practice: A Study of Modification and Sanctions,51 Geo.L.J. 309, 337-341 (1963); 6 Wright & Miller, Federal Practice and Procedure: Civil § 1524 (1971); Waterman, An Appellate Judge's Approach When Reviewing District Court Sanctions Imposed for the Purpose of Insuring Compliance with Pre-Trial Orders, 29 F.R.D. 420, 425 (1961) (hereinafter cited as Waterman). Therefore Rule 41(b), dealing with involuntary dismissals, and the inherent power of district courts do not support the sanctions imposed.
 
 
 24
 Obstreperous as the parties' refusal to reduce at least some facts to a stipulation might be, Anderson cannot be characterized as dilatory to the point of manifesting a failure to prosecute. The record shows that a pre-trial conference was held on May 8, 1975, where pre-trial statement and lists of witnesses and exhibits were filed by the parties, and Edwards was permitted to file an amended complaint. As noted, the court ordered the parties to file stipulations of facts not in dispute by July 1 and a final pre-trial order by August 1. Correspondence in the appendix to Anderson's brief shows that in August 1975, Anderson could not agree to the stipulation of facts first prepared by Edwards' counsel on June 26, 1975, and signed in its July 17th form by Edwards' and Westinghouse's counsel. Anderson gave the following reasons for not agreeing to Edwards' proposed stipulation:
 
 
 25
 "Mr. Simon (chief counsel for Anderson) advises me that he advised Mr. Spector's (counsel for Edwards) office he could not agree to the proposed stipulation because discovery was not complete. He further advised Mr. Spector that witnesses from Westinghouse refused to answer questions at depositions scheduled in June, that the court reporter who took the depositions went on vacation, that the transcript of the deposition had not been delivered and that he was going to have to file a motion to compel discovery and possibly to continue the case. This was necessitated by the change in the plaintiff's theory of recovery at the pre-trial. He further advises (sic) me that when discovery was completed he would meet and try to work out a stipulation." (App. 13.)
 
 
 26
 Therefore, Simon did not sign the stipulation of facts and proposed pre-trial order which Edwards and Westinghouse filed on August 1 pre-trial order deadline.
 
 
 27
 At a December 22 special pre-trial conference, the parties were told to present a final pre-trial order by January 1. Their counsel met on December 22 and supposedly agreed upon a stipulation of facts. However, Edwards' lead counsel was absent and later "disagreed with several paragraphs and these (were) deleted" by him (App. 48). Because of the 19 asserted deletions, Anderson refused to sign the final stipulation of facts. On January 29, Anderson's counsel wrote the district judge, quoting the deletions that had been made by Edwards' counsel and offering to meet once again to try to agree upon a final stipulation of facts. However, on January 27, the district court executed and entered a final pre-trial order signed by Edwards and Westinghouse counsel and accepted the stipulation of facts they had signed. Anderson's counsel had signed neither document.
 
 
 28
 While we sympathize with the district court's distress at having to face a trial where the parties had not agreed upon any stipulation of facts, Edwards and Westinghouse have not convinced us that the sanctions imposed upon Anderson were permissible. Although Anderson did not agree to the Edwards-Westinghouse stipulation of facts, it did propose its own stipulation of facts and pre-trial order, and on December 22 agreed upon a stipulation of facts, which Edwards' counsel later revised in terms unacceptable to Anderson. On October 3, all parties signed a pre-trial order prepared by Anderson and then submitted it to the court. In view of the continuing contretemps between counsel, the famous Shakespearean stricture, "A plague on both your houses"[11] seems singularly apt.
 
 
 29
 Even if Rule 16, as enforced through Rule 41(b) or the court's inherent ability to control its own docket, had empowered the court to compel parties to stipulate, Judge Morgan would have been constrained to fix an "appropriate measure of discipline" on any recalcitrant counsel. Matheny v. Porter, 158 F.2d 478, 480 (10th Cir. 1946). The ultimate sanction of dismissal should be utilized only in the face of conduct so reprehensible that no other alternate sanction would protect the integrity of the pre-trial procedures contemplated by Rule 16. Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419 (1st Cir. 1976); Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910, 914 (2d Cir. 1959); Von Poppenheim v. Portland Boxing & Wrestling Com'n, 442 F.2d 1047, 1053-1054 (9th Cir. 1971), certiorari denied, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731; Waterman, supra, at 424-425; 3 Moore's Federal Practice, P 16.19 at 1135 (2d ed. 1974).
 
 
 30
 To recapitulate, Rule 16 of the Federal Rules of Civil Procedure does not compel a stipulation of facts, so that sanctions for failure to file one are not available. Of course a trial court must have the power to make effective a pre-trial order within the four corners of Rule 16, but an order forcing parties to stipulate facts is not authorized by that rule. As the reporter of the Supreme Court's Advisory Committee on the Rules of Civil Procedure has written,
 
 
 31
 "So the proper function of pre-trial is not to club the parties or one of them into submission. Rather the function is to see that the parties and the court are fully acquainted with the case, leaving no room for the tactic of surprise attack or defense, and to uncover and record the points of agreement between the parties all to the end of shortening and simplifying the eventual trial. Note the emphasis of Rule 16 upon 'the agreements made by the parties as to any of the matters considered'; there is here no basis for forcing the parties to replead or restate their legal propositions in terms more limited than the issues framed by the pleadings. Pre-trial, in purpose and in its most successful use, is informational and factual, rather than legal and coercive. It may well lead to settlement as the parties come to know their case better, but that must remain an uncoerced by-product."
 
 
 32
 Clark, To an Understanding Use of Pre-Trial, 29 F.R.D. 454, 456 (1961).
 
 
 33
 Although the Edwards-Westinghouse brief does not rely on Rule 37 of the Federal Rules of Civil Procedure to justify the striking of Anderson's pleadings, dismissal of its action and default judgment, the district court did rely here on the sanctions it considered available under Rule 37(b)(2)(C) for failure to answer requests for admissions under Rule 36. Since Edwards and Westinghouse did not follow the Rule 36 admission route, Rule 37(b) does not authorize the sanctions imposed by the court below.[12] Indeed, Rule 37(b) (2)(C) may well be always unavailable to enforce a failure to stipulate facts by striking the pleadings, dismissing the action and rendering a default judgment since Rule 37(c) imposes only expenses upon failure to comply with Rule 36 requests for admissions and would seem to be the exclusive sanction available.
 
 
 34
 Other possible sources of a power to strike the pleadings or to enter a default judgment under the Rules are of no help to Edwards and Westinghouse. A judgment by default was not authorized by Rule 55, for Anderson did not fail "to plead or otherwise defend." Striking the pleadings of Anderson cannot be justified under Rule 12(f) because that only permits striking "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Clearly Anderson's pleadings are not of the sort at which Rule 12(f) is aimed.
 
 
 35
 While we applaud Judge Morgan's assiduous efforts to produce an agreed-upon stipulation of facts, under the Federal Rules of Civil Procedure judicial compulsion is not allowable in this area. Since we must hold that Anderson's failure to agree to the Edwards-Westinghouse stipulation of facts did not justify dismissal of its complaint against Westinghouse, it follows that it was improper to enter judgment for Edwards on Anderson's counterclaim and against Anderson on Edwards' amended complaint. Anderson's pleadings having been improperly stricken, it was also erroneous to dismiss Westinghouse's cross-complaint against Anderson as moot.
 
 
 36
 Lastly, Anderson protests Judge Morgan's refusal to recuse himself pursuant to 28 U.S.C. § 144. Under the standards recently reiterated in United States v. Patrick, 542 F.2d 381, 390-391 (7th Cir. decided Sept. 23, 1976), improper bias was not established under Section 144 since "personal" bias was not sufficiently shown.[13] There was no need for Judge Morgan to recuse himself. United States v. Jeffers, 532 F.2d 1101, 1111-1112 (7th Cir. 1976), certiorari granted, 423 U.S. 1066, 96 S.Ct. 805, 46 L.Ed.2d 656.
 
 
 37
 The order of February 9, 1976, finding the affidavits of bias and prejudice to be insufficient under 28 U.S.C. § 144 is affirmed. The order on the motion to strike pleadings and the judgments of February 9 and 10, 1976, are vacated, and the cause is remanded for trial pursuant to Circuit Rule 18.[14]
 
 APPENDIX
 
 38
 IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF
 
 ILLINOIS NORTHERN DIVISION
 
 39
 STANDING ORDER ON PRE-TRIAL CONFERENCES IN NORTHERN DIVISION
 
 CIVIL CASES
 
 40
 I. A PRELIMINARY pre-trial conference will customarily be held on notice issued by the Court as soon as feasible after the return date of summons in each civil cause in this Division. At such conference counsel should be prepared to discuss any questions concerning the pleadings, jurisdiction, venue, pending motions, plans for prosecution or defense, etc., as well as the probable length of needed discovery and the likelihood of settlement of the case. At the conclusion of such conference, a date for the completion of discovery or a report on status will be set if the case is not disposed of by settlement or otherwise.
 
 
 41
 II. Special pre-trial conferences may be held on notice issued by the Court in complex cases whenever it appears that such may aid in disposition or preparation for trial.
 
 
 42
 III. A FINAL pre-trial conference will be scheduled by the Court as soon as feasible after the date set for completion of discovery.
 
 
 43
 A. Notice of such final pre-trial conference will be given to all counsel in sufficient time, customarily not less than ten days, so that they may, AND THEY ARE HEREBY DIRECTED TO CONFER IN ADVANCE of much pre-trial conference for the following purposes:
 
 
 44
 1. Explore carefully the prospects of settlement.
 
 
 45
 2. Enter into a written stipulation or statement of all uncontested facts.
 
 
 46
 3. Enter into written stipulations or statements as to the undisputed qualifications of any expert witnesses.
 
 
 47
 4. Examine ALL EXHIBITS which any of them expect to offer at the trial, agree on the authenticity and admissibility of such exhibits as far as possible, and note the grounds for objection to any not so agreed upon.
 
 
 48
 B. AT SUCH FINAL PRE-TRIAL CONFERENCE, which shall be attended by attorneys, representing all parties who are authorized into enter into such agreements as may be appropriate, presumably the counsel who are to try the case, counsel SHALL SUBMIT to the Court the following:
 
 
 49
 1. The written stipulation or statement of the uncontested facts signed on behalf of all parties.
 
 
 50
 2. Their respective brief written statements, which should be exchanged prior to the conference, containing under topical headings the following:
 
 
 51
 (a) A concise summary of the essential facts which the party expects to prove.
 
 
 52
 (b) A recital of the contested issues of fact and law.
 
 
 53
 (c) An itemized statement of any special damages claimed.
 
 
 54
 3. Their respective schedules of ALL exhibits which they expect to offer in evidence at the trial, together with an indication of those agreed to be admissible and the stated grounds for objection to any not so agreed upon. All exhibits should be available at the conference for marking by the Clerk of the Court, if possible, and in all events this shall be done in advance of trial. ONLY EXHIBITS SO LISTED AND MARKED AT THE CONFERENCE SHALL BE OFFERED IN EVIDENCE AT THE TRIAL EXCEPT FOR GOOD CAUSE SHOWN.
 
 
 55
 4. Their respective lists of the names and addresses of ALL witnesses the party may call, with an indication of any claimed to be adverse. Parties should not rely upon other parties to list witnesses they themselves need. ONLY WITNESSES SO LISTED WILL BE PERMITTED TO TESTIFY AT THE TRIAL EXCEPT FOR GOOD CAUSE SHOWN.
 
 
 56
 5. Any waivers of claims or defenses, in writing.
 
 
 57
 C. AT SUCH FINAL PRE-TRIAL CONFERENCE the Court and counsel will consider:
 
 
 58
 1. Simplification of the issues.
 
 
 59
 2. Any problems of evidence.
 
 
 60
 3. Limitation of the number of expert witnesses.
 
 
 61
 4. The desirability of trial briefs.
 
 
 62
 5. The prospects of settlement.
 
 
 63
 6. Such other matters as may aid in fair and expeditious trial and disposition of the action.
 
 
 64
 7. The provisions of Pre-Trial Order to be entered.
 
 
 65
 D. IMMEDIATELY FOLLOWING SUCH FINAL PRE-TRIAL CONFERENCE, an appropriate order will be prepared by an attorney for a plaintiff, unless otherwise agreed at the conference, reflecting the action taken and agreements made at such conference, in the general form attached hereto. Approval of such proposed order shall be obtained from counsel for all other parties by signature thereon, and such approved order will be entered by the Court upon submission, which should not be more than two weeks after the conference, unless otherwise agreed at the conference. The case will then be added to the Court's trial calendar. FAILURE OF COUNSEL TO APPEAR AT ANY SCHEDULED PRE-TRIAL CONFERENCE OR OTHERWISE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR DEFAULT AS MAY BE APPROPRIATE.
 
 
 66
 IV. The Court finds that strict compliance with this procedure, generally followed in this Division since September, 1967, is important to the prompt, orderly, and fair disposition of cases; and counsel will be expected to comply therewith in the interest of sound administration of justice. THE COURT HENCEFORTH WILL NOT HESITATE TO IMPOSE THE SANCTIONS MENTIONED FOR WILFUL OR CARELESS FAILURE OF STRICT COMPLIANCE BY COUNSEL.
 
 
 67
 V. This ORDER is promulgated under Rule 16, Federal Rules of Civil Procedure, and Rule 10 of the published Rules of Court for the Southern District of Illinois.
 
 
 68
 SO ORDERED.
 
 
 69
 /s/ ROBERT D. MORGAN
 
 
 70
 /s/ Robert D. Morgan
 
 
 71
 /s/ United States District Judge
 
 Entered: May 1, 1970
 
 
 [1]
 At their request, this pre-trial order reserved to Edwards and Westinghouse the right to object to Anderson's proposed exhibits at a later date
 
 
 [2]
 The motion to withdraw stated that "on January 27, 1976, the court advised the undersigned that prior to trial the court would have a hearing and impose sanctions if necessary on the undersigned attorney because of failure of counsel for defendant (Anderson) to sign the proposed pre-trial order." Since Katz had only been local counsel, he felt it "unjust" to face sanctions for decisions of Anderson for which he was not "responsible."
 
 
 [3]
 Rule 16(3) provides that the judge may call a pre-trial conference for the parties to consider:
 "The possibility of obtaining admissions of fact and documents which will avoid unnecessary proof."
 
 
 [4]
 Local Rule 10 provides:
 "Pre-trial conferences, pursuant to Rule 16 of the Federal Rules of Civil Procedure, will be utilized to the extent and in the manner determined by the judge who may be expected to preside at trial of the case. Counsel shall make inquiry of the clerk for any standing order on pre-trial conferences existing in the division in which the case is filed and at the place where it may be expected to be tried."
 
 
 [5]
 Because we find that Rule 16 and Rule 41(b) cannot be read to provide the power to compel factual stipulations at the pre-trial conference, we need not consider the due process implications of such a construction. Cf. In re LaMarre, 494 F.2d 753, 756 (6th Cir. 1974)
 
 
 [6]
 "Unless the violation of a local rule constitutes failure to prosecute, Rule 41 does not provide for dismissal for violation of a local rule." 5 Moore's Federal Practice, P 41.12 at 1137 n. 1 (1975 Supp.)
 
 
 [7]
 Link v. Wabash R. R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734; Beshear v. Weinzapfel, 474 F.2d 127 (7th Cir. 1973); Hyler v. Reynolds Metal Co., 434 F.2d 1064 (5th Cir. 1970), certiorari denied, 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689; Torino v. Texaco, Inc., 378 F.2d 268 (3d Cir. 1967); 6 Wright & Miller, Federal Practice and Procedure: Civil § 1524 at 578 (1971)
 
 
 [8]
 Von Poppenheim v. Portland Boxing & Wrestling Com'n, 442 F.2d 1047 (10th Cir. 1971), certiorari denied, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731; Package Mach. Co. v. Hayssen Mfg. Co., 266 F.2d 56 (7th Cir. 1959); Heisman v. Giordano, 343 F.Supp. 1258 (E.D.Pa.1972); Delta Theatres, Inc. v. Paramount Pictures, Inc., 398 F.2d 323 (5th Cir. 1968), certiorari denied, 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692
 
 
 [9]
 American Electronics Laboratories, Inc. v. Dopp, 369 F.Supp. 1245 (D.Del.1974); cf. General Plywood Corp. v. United States Plywood Corp., 9 F.R.Serv.2d 41b.11-4 (S.D.N.Y.1965)
 
 
 [10]
 Marriott Homes, Inc. v. Hanson, 50 F.R.D. 396 (W.D.Mo.1970); Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910 (2d Cir. 1959)
 
 
 [11]
 Shakespeare, Romeo and Juliet, Act III, Scene i
 
 
 [12]
 While an analogy between discovery and pre-trial sanctions may sometimes be useful, care must be taken to preserve the validity of such an analogy as a proper logical device. See Note, Dismissal for Failure to Attend a Pretrial Conference and the Use of Sanctions at Preparatory Stages of Litigation, 72 Yale L.J. 819 (1963)
 Because of the inapplicability of Rule 37(b), National Hockey League v. Metropolitan Hockey Club, Inc., --- U.S. ----, 96 S.Ct. 2778, 49 L.Ed.2d ----, is not in point.
 
 
 [13]
 Since Martin H. Katz was serving merely as local counsel for Anderson, it was permissible for the trial court to permit him to withdraw his representation. Furthermore, because of our disapproval of the sanctions imposed on Anderson, it is unnecessary to consider whether Mr. Katz should have been permitted to testify (as to the agreement purportedly made at the December 22 meeting and other attempts by Anderson to stipulate facts) on Edwards' motion to strike Anderson's pleadings
 
 
 [14]
 If further discovery or other pre-trial matters remain to be completed, the next trial judge should attempt to control any undue rigidity of counsel for any of the parties. Sanctions are often available to counter pre-trial recalcitrance, even though not authorized for failure to agree on a stipulation of facts