James M. MORRISSEY, Joseph Padilla, Ralph Ibrahim, individually and on behalf of the members of the National Maritime Union of America, Plaintiffs,

v.

Joseph CURRAN, Shannon Wall, William Perry, Martin Segal, Abraham E. Freedman, and Leon Karchmer, Defendants.

No. 69 Civ. 442.

United States District Court
S. D. New York.

May 23, 1969.

Duer & Taylor, New York City, for plaintiffs; Arthur E. McInerney, New York City, of counsel.

Abraham E. Freedman, New York City, for defendants; Charles Sovel, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendant Karchmer.

## MEMORANDUM

BONSAL, District Judge.

Plaintiffs are three members of the National Maritime Union of America (NMU); defendants Curran and Wall are elected officers of the NMU; defendant Perry was an employee of the NMU and Assistant to the President; and defendants Segal, Freedman, and Karchmer are trustees of the NMU Officers' Pension Plan (the Pension Plan).

Plaintiffs instituted this action in February 1969. The complaint alleges that defendants allowed the Pension Plan to be amended in 1961, so as to include as participants designated employees of the NMU, who were not elected officers of the NMU (non-officers), in violation of the NMU Constitution then in effect; and that the amendment was designed to siphon NMU funds to the non-officers who were not authorized to receive them. Plaintiffs seek an accounting and money damages from the defendants responsible; an injunction enjoining the Trustees from paying any benefits to non-officers; and costs, disbursements, and attorneys' fees, under 29 U.S.C. § 501(b).

Defendants Curran, Wall, and Perry (the moving defendants) move for an order, pursuant to Rule 12, F.R.Civ.P., dismissing the action; or, in the alternative, for an order, pursuant to Rule 56, F.R.Civ.P., for summary judgment on their behalf. Plaintiffs cross-move for summary judgment as against all defendants.

In 1951, following the amendment of the NMU Constitution, Article 15, entitled "Salaries of Officers," provided, in part, as follows:

*"Section 1—Salaries and Expenses:* The National Council * * * is empowered, subject to approval of the membership, to set from time to time *the actual salaries* and daily expenses *of all Union officers and employees.*

* * * * * *

*Sec. 8—Pension and Welfare*: The National Council, subject to approval of the membership is empowered to make adequate and appropriate provisions for *pensions*, welfare, and similar benefits *for officers and employees of the Union."* (Emphasis added.)

On December 29, 1952, an Agreement and Declaration of Trust (the Trust Agreement) was entered into between the NMU and three Trustees, including defendants Segal and Karchmer, granting to the Trustees authority to establish the Pension Plan.

On February 16, 1953, the Trustees promulgated the Pension Plan, which provided that "officers" who had attained a certain age and had credit for a certain number of years of "covered employment" were eligible to receive pension benefits.[1]

In 1960, the NMU Constitution was again substantially revised and a new Article 14, entitled "Compensation of Officers," was substituted for Article 15 of the 1951 Constitution.

Article 14 provided, in relevant part:

*"Section 1—Salaries*: (a) The National Council shall fix the *salaries for all officers of the Union*, subject to approval as provided by this Constitution.

\*     \*     \*     \*     \*     \*

*Sec. 7—Pensions: All officers shall be eligible for benefits under the NMU Officers' Pension Plan*, subject to such rules and regulations as the Trustees of the Plan may establish." (Emphasis added.)

Article 8, entitled "National Office," was also amended in 1960 to provide that the National Office was "responsible for and shall fix the salaries" of staff personnel of the NMU, including the non-officers, and shall negotiate collective bargaining agreements for the employees of the NMU.

On October 28, 1961, the Trust Agreement of 1952 was amended so as to make eligible for pension benefits non-officers holding the following positions, and the Pension Plan was amended accordingly:

Assistant to the President
Organizer
Maintenance Supervisor
Bookkeeping Supervisor
Records and Supplies Supervisor
Executive Secretary
Publicity Director
Editor of "The Pilot"

Plaintiffs contend that the defendants violated the 1960 Constitution by allowing non-officers to be included in the Pension Plan. On the other hand, the moving defendants assert that they were acting under their power in Article 8 to fix salaries and bargain collectively for NMU employees; and that this power included the right to provide pension benefits under the Pension Plan for non-officers.

Article 15 of the 1951 Constitution empowered the National Council "to make \* \* \* provisions for pensions \* \* \* for officers and employees of the Union." Article 14 of the 1960 Constitution deleted the word "employees," stating that "All officers shall be eligible for benefits under the [Pension Plan]." Thus, the 1960 Constitution did not continue the authority to include non-officers in the Pension Plan.[2]

---

1. Relevant provisions of the Pension Plan were as follows:
"ARTICLE II. DEFINITIONS
\*   \*   \*   \*   \*
Section 5. *"Officer"* shall mean a person holding any one of the following offices in accordance with the provisions of the NMU constitution:
  (a) National President
  (b) National Secretary
  (c) National Treasurer
  (d) Vice President
  (e) National Port Committee Member

  (f) Branch Agent
  (g) Field Patrolman
  (h) Patrolman
  \*   \*   \*   \*   \*
Section 7. *"Covered Employment"* shall mean employment as an officer of the NMU."

2. The authority to provide pensions for employees in the 1951 Constitution was not exercised by the NMU. The Pension Plan between 1951 and 1960 included officers only.

While the term "salaries" may include "pensions," as delayed payments of salary, Brumley v. Baxter, 225 N.C. 691, 36 S.E.2d 281, 162 A.L.R. 930 (1945), see Inland Steel Co. v. N. L. R. B., 170 F.2d 247, 12 A.L.R.2d 240 (7th Cir.1948), cert. denied, 336 U.S. 960, 69 S.Ct. 887, 93 L.Ed. 1112 (1949), the 1960 Constitution carefully distinguished between the two, using the term "compensation" in the title of Article 14 to encompass "salaries" in section 1 and "pensions" in section 7. In the previous Constitution, the word "salaries" was used in Article 15 to cover both. Moreover, a reading of Article 14 of the 1960 Constitution makes a clear distinction between officers and employees. Thus, section 5, with reference to illness, speaks of "an officer or employee," and section 6, relating to severance pay, again speaks of "an officer or employee," while section 7, dealing with pensions, speaks of "all officers."

Since the 1960 Constitution did not authorize the inclusion of the non-officers in the Pension Plan and it is not denied that funds of the NMU have been paid to the Trustees for disbursal to the non-officers under the Pension Plan, plaintiffs are entitled to relief under 29 U.S.C. § 501.

Plaintiffs argue that they are entitled to summary judgment since the only issue in the case, the construction of the 1960 Constitution, has been resolved in their favor. On the other hand, moving defendants say that there are contested issues as to which of the individual defendants were responsible for the amendment including non-officers in the Pension Plan; whether adoption of the amendment was a breach of fiduciary duty; and whether plaintiffs' action is barred by laches. In addition, defendant Karchmer asserts that he was not timely served by plaintiffs with their cross-motion for summary judgment and that he is not a proper party defendant under 29 U.S.C. § 501.

There is no genuine issue of fact as to the responsibility of the defendants. It is admitted that defendant Curran, as President of the NMU, and defendants Karchmer, Segal, and Freedman, as Trustees of the Pension Fund, were responsible for authorizing the amendment including the non-officers in the Pension Plan. Defendant Wall, as Secretary-Treasurer, is responsible for the financial affairs of the NMU, and under the 1960 Constitution he and Curran are "directed to pay all obligations incurred by or on behalf of the Union," including payments to the Pension Plan. Defendant Perry, formerly Assistant to the President, was a non-officer who by the amendment was made eligible to receive pension benefits under the Pension Plan.

Under 29 U.S.C. § 501, defendants Curran, Wall, and Perry owe a fiduciary duty to the NMU and its members

"to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution * * * and * * * to refrain * * * from holding or acquiring any pecuniary * * * interest which conflicts with the interests of such organization * * *."

Defendants Karchmer, Segal, and Freedman owe the same fiduciary duty to the NMU and its members as Trustees of the officers' Pension Plan.

Plaintiffs' action for breach of defendants' fiduciary duties is not barred by laches. The amendment including the non-officers in the Pension Plan was adopted in 1961, and less than seven years later plaintiffs requested the NMU for an accounting and for a return of moneys contributed to the Pension Plan. In an action based on breach of fiduciary duties, the defense of laches is carefully scrutinized, Libby v. L. J. Corporation, 101 U.S.App.D.C. 87, 247 F.2d 78, 82 (1957), and in this case defendants have made no showing that they have been prejudiced by the delay.

Although it appears that plaintiffs did not timely serve their cross-mo-

tion for summary judgment, see Rule 56(c), F.R.Civ.P. the court will consider the cross-motion, inasmuch as it could enter judgment for plaintiffs on its own motion, Bell v. Waterfront Commission of N. Y. Harbor, 183 F.Supp. 175 (S.D. N.Y.1960), aff'd, 279 F.2d 853 (2d Cir. 1960). See also Williams v. Howard Johnson's Inc. of Washington, 323 F.2d 102, 104 (4 Cir.1965); 6 Moore, Federal Practice, ¶ 56.15[6]. (2d ed. 1966).

Accordingly, defendants' motion to dismiss plaintiffs' action or, in the alternative, for summary judgment, is denied. Plaintiffs' motion for summary judgment is granted, and judgment will be entered in favor of plaintiffs, directing defendants to account; enjoining defendant Trustees from paying any benefits under the Pension Plan to non-officers; and directing the Trustees to return to the NMU all moneys received by the Trustees for the benefit of non-officers, with interest from the dates the moneys were received. Plaintiffs are entitled to costs, disbursements and attorneys' fees out of the amounts returned by the Trustees to the NMU, in such amounts as may be approved by the court.

Settle order on notice.