**Jerry Lee McBRYDE et al., Appellants,**

**v.**

**AMOCO OIL COMPANY et al., Appellees.**

**No. 13127.**

District of Columbia Court of Appeals.

Argued June 6, 1979.

Decided July 23, 1979.

---

7. *Shelton v. United States, supra* at 861.

Robert H. Reiter, Washington, D. C., for appellants.

Robert E. Higdon, Washington, D. C., for appellees Amoco Oil Co. and American Oil Co.

David F. Grimaldi, Washington, D. C., for appellee Big Four Automotive Equipment Co.

Gilbert E. Tietz, Rockville, Md., for appellee Capital Tire Equipment Co.

Before NEWMAN, Chief Judge, and KERN and MACK, Associate Judges.

PER CURIAM:

Appellants, plaintiffs below, seek to set aside an order of dismissal entered *sua sponte* by the court in the course of a pretrial conference. The pretrial judge dismissed the case "for failing to state a claim against any of the named defendants which is justiciable." We find this dismissal to be error.

In a complaint for damages (sounding in strict liability, negligence and implied warranty), appellants, husband and wife, alleged that while the husband was in the act of inflating a truck tire on a mechanical tire-changer, the machine exploded striking him in the head and arm and resulting in permanent injuries. Appellees [1] denied re-

---

1. Appellees are Amoco Oil Company, American Oil Company, Atlas Supply Company, Big Four Automotive Equipment Company, and Capital Tire Equipment Company. Atlas Supply Company, a defendant in the original action, did not file a brief in this appeal.

sponsibility and alleged that the injuries were the direct and proximate result of the husband's contributory negligence and assumption of risk.

Appellants' pretrial statement claimed that all the appellees, by reason of their involvement as either the owners of the ground upon which the injury occurred or as the manufacturer, distributor or servicer of the tire-changer, were responsible for the injuries in light of the dangerous nature of the instrumentality, as well as their negligence in failing to supply safety measures to provide warnings on the proper use of the equipment and to service the equipment properly.

The pretrial judge, on the basis of the pleadings, the depositions, the answers to interrogatories, and the discussions of counsel, dismissed appellants' claim *sua sponte.* The court reasoned that the appellants had no information concerning the cause of the explosion, and that they had not presented facts sufficient to show responsibility for the safe operation of the tire-changer or facts constituting grounds for a cause of action against any of the defendants.[2]

Dismissal for failure to state a claim upon which relief can be granted is proper under Super.Ct.Civ.R. 12(b)(6) (which is substantially the same as Rule 12(b)(6) of the Federal Rules of Civil Procedure) only where " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' ". *Owens v. Tiber Island Condominium Association,* D.C.App., 373 A.2d 890, 893 (1977) *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For purposes of that motion, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Klenk v. Capital Transit Co.,* D.C.Mun.App., 139 A.2d 275, 277 (1958). On this record, we cannot say that appellants would have been precluded from recovery under any state of facts which could have been proven in support of their claim. *See generally Berman v. Watergate West, Inc.,* D.C.App., 391 A.2d 1351 (1978); *Morningstar v. Black & Decker Manufacturing Co.,* W.Va., 253 S.E.2d 666, 676–84 (1979).

However, the order in this case may reflect the view of the pretrial judge that proof of the claimed violation was insuffi-

---

2. The court's order provided in pertinent part:

The only basis of liability stated in the plaintiff's pre-trial statement or elicited from his counsel at pre-trial is the fact that a tire changer is considered a "dangerous instrumentality" which proposition, plaintiff's counsel claims, puts upon defendants the burden of showing that there was no negligence. Discussions amongst counsel and references to answers to interrogatories and to depositions taken during the pendency of the case establish that McBryde has no information at all concerning what caused the machine to "explode" as he puts it, nor are there any witnesses named who can testify as to the cause of the "explosion". Plaintiff's counsel charges the failure of the manufacturer to equip the tire changer with an air guage [sic] or some device which would limit the amount of air that can be put into a tire is an act of negligence. He further charges that the failure to have some screen or other device which would prevent parts of the machine from flying off if more air than is proper is put into the machine is an act of negligence. He is unable to state, however, that any tire machine manufacturer equipped its tire changer with guages [sic] or such devices

at the time this particular tire changer was manufactured or distributed; indeed, he has no evidence of the date of its manufacture or of its distribution. If later models contained either of the two devices mentioned, it does not necessarily constitute negligence to have distributed a tire changer at an earlier date when such devices were not normally used. . . . While it is suggested that employees of Amoco and American occasionally inspected the station, it does not follow that they had responsibility for the safe operation of the tire changer. . . . Neither does it seem to the pre-trial judge that the fact that Capital Tire Equipment Co. had a contract with Early to service this machine makes a prima facie case against Capital in the absence of some evidence, which is not presented at pre-trial, that Capital did service the machine and failed to find some defect in it and correct it. Indeed, there is no indication nor any evidence that Capital, even if it had such a contract, ever serviced the machine. Ownership of the ground on which the station is located does not, in the judgment of the pre-trial judge, constitute a cause of action against either Capital, American, or Amoco.

cient and thereby necessitated summary disposition. As a general rule, a complaint should not be dismissed under Rule 12(b)(6) because the court doubts that the plaintiff will prevail in the action. Whether a plaintiff can prevail is a matter determined on the basis of proof and not merely on the pleadings. Wright & Miller, Federal Courts & Practice, Civil § 1357 at 602–03 (1969).

In this case, because pretrial conferences are not recorded, we have no record of what factual statements appellants' attorney offered to support his conclusions and are thereby prevented from reviewing whether appellants would have been able to prove the allegations of their complaint. We note that the pretrial judge could have suggested to the appellees that they file a formal motion for summary judgment under Super.Ct.Civ.R. 56. This would have given notice to the appellants and provided both parties with the opportunity to file affidavits setting forth specific facts showing there was no genuine issue for trial and, thus, facilitating appellate review. *See Wirtz v. Young Electric Sign Co.,* 315 F.2d 326 (10th Cir. 1963).

This procedure would also have been consistent with Super.Ct.Civ.R. 12(b) which requires that a motion to dismiss for failure to state a claim on which relief can be granted shall be treated as a motion for summary judgment and disposed of as provided in Rule 56 when, as here, matters outside the pleadings are presented to the court.

■ To the extent that *Dormu v. Gill,* D.C.App., 277 A.2d 104 (1971) by way of *dicta* suggests that a judge conducting a pretrial conference may, *sua sponte,* summarily dispose of a case, we believe that

procedure should be used very infrequently and with an abundance of caution. It is only where "the facts material to a cause of action are shown to be undisputed, and those facts so established indicate an unequivocal right to judgment favoring a party," that summary disposition will be permitted. *Id.* at 105 *citing Wirtz v. Young Electric Sign Co., supra* at 327.

■ We believe a restrictive approach to the appropriateness of *sua sponte* summary disposition by a pretrial judge is consistent with the primary purpose of the pretrial conference: to define the claims and defenses of the parties for the purposes of eliminating unnecessary proof and issues and thereby expediting the trial. *See London Guarantee & Accident Co. v. Enterprising Services, Inc.,* D.C.App., 192 A.2d 292, 293 (1963). As *Klenk v. Capital Transit Co., supra* at 277 made clear, pretrial proceedings are designed to complement the trial function and should not be used to invade that function by resolving issues of fact.

In view of appellants' contentions and appellees' denial of tortious conduct and assertion of negligent conduct on the part of appellant-husband, we cannot say the facts are undisputed. It was therefore error to dismiss the case. *See Buffington v. Continental Casualty Co.,* 69 N.M. 365, 367 P.2d 539 (1961).

*Reversed with instructions to set aside order of dismissal.*