**OIL, CHEMICAL & ATOMIC WORKERS INTERNATIONAL UNION, LOCAL 4–367, Plaintiff,**

v.

**SHELL OIL COMPANY, Defendant.**

**Civ. A. No. H–81–1908.**

United States District Court,
S.D. Texas,
Houston Division.

Dec. 30, 1982.

As Amended March 22, 1983.

Chris Dixie, Chris Dixie & Assoc., Houston, Tex., for plaintiff.

L. Chris Butler, John L. Schmid, Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

McDONALD, District Judge.

This action came before the Court on plaintiff's motion for summary judgment. Plaintiff seeks an injunction ordering defendant to arbitrate the reasonableness of its policy on facial hair. It argues that the question of whether the policy is arbitrable, although no employee has been disciplined or dismissed for its violation, is a question of ripeness and a "procedural" issue which should be decided by the arbitrator, under *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Defendant responds that the parties' collective bargaining agreement explicitly excludes the facial hair policy from arbitration and that, in challenging a health and safety policy, plaintiff is seeking interest arbitration for which the parties' agreement does not provide. Having considered the evidence, the arguments, and the applicable law, the Court finds, for the reasons stated below, that there is no genuine issue of material fact and that defendant is entitled to judgment, as a matter of law.[1]

The affidavit of Roy L. Barnes, Secretary-Treasurer of the Union, outlines the background of the case as follows: On August 22, 1980, the Company announced that employees would not be permitted to have facial hair that would interfere with obtaining a satisfactory seal in the surface area of respirators.[2] The Company subsequently required bargaining unit employees to shave their faces, including beards, sideburns and mustaches.

On September 2, 1980, the Union filed a written grievance, No. 80–66, against the facial hair policy as "unreasonable and discriminatory". On September 12, 1980, the Union filed a second written grievance against the policy, requesting as part of the relief that defendant "administer the facial hair policy in a reasonable and non-discriminatory manner."

On September 5, and 25, 1980, representatives of the Union and the Company met to discuss the merits of the Union's grievance. On November 24, 1980, the company answered grievance No. 80–66, and on January 13, 1981, it answered grievance No. 80–80. Within ten days of the receipt of each of Defendants' Answers, the Union notified the Company of its desire to arbi-

1. Defendant originally filed a cross motion for summary judgment. Plaintiff's Reply Memorandum, at p. 18, stipulated that defendant's Motion was properly before the Court, and expressly waived "any applicable formalities" under Rule 56, Federal Rules of Civil Procedure, because "the operative facts in favor of each party are before the Court...." Following receipt of plaintiff's opposition to defendant's motion, defendant took the position in oral argument and in a post-hearing memorandum that because facts regarding the negotiating history of the parties and the development of the policy were disputed, summary judgment is inappropriate for either party. Because this is not a case in which the court has moved for summary judgment *sua sponte* or in which plaintiff as the non-moving party has not had notice and an opportunity to defend against the motion, in violation of Federal Rule 56 of Civil Procedure. *See, e.g., Capital Films Corp. v. Charles Fries Production,* 628 F.2d 387, 390–91 (5th Cir.1980), and *Sharlitt v. Gorinstein,* 535 F.2d 282, 283–4 (5th Cir.1976), and cases cited therein, and the Court finds that the facts in dispute are not material to a resolution

of the motion and that defendant is entitled to judgment as a matter of law, summary judgment for defendant is proper. *See Morrisey v. Curran,* 302 F.Supp. 32 (S.D.N.Y.1969), *aff'd in part, rev'd in part on other grounds* 423 F.2d 393 (2d Cir.1970), *cert. den.* 399 U.S. 928, 90 S.Ct. 2245, 26 L.Ed.2d 796 (1970) and 6 S. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 56.12 (2d ed. 1982).

2. An Interoffice Memorandum from the General Manager to all Employees dated August 22, 1980, provided:

Effective September 2, 1980, all personnel (i.e., staff and hourly) in operations, maintenance or the laboratory will not be permitted to have any established facial hair (i.e., no beard in area of the face mask sealing surface) that would interfere with obtaining a satisfactory seal in the sealing surface area of a respirator. This policy also applies to all Shell support personnel, contractor personnel, and visitors that work or enter any of the field or laboratory working areas.

trate the grievance. The parties then selected an arbitrator for No. 80–80 and scheduled arbitration trial for July 13–15, 1981.

The trial was subsequently postponed due to unavailability of defendant's counsel. On July 28, 1981, the Company informed the Union that it would not arbitrate either grievance. The Union requested a reconsideration of the refusal, and filed this suit in federal court that same day.

Plaintiffs' complaint seeks an order compelling arbitration of grievances which challenged the "contractual propriety of defendant's facial hair policy," and alleges that the parties' dispute is arbitrable because it "involves questions of the reasonableness of the Company's rules and questions of the discipline of employees for failure to follow the rules." Plaintiffs' Reply to Defendants' Memorandum Opposing Plaintiffs' Motion for Summary Judgment, filed March 5, 1982, states at p. 2, "The Union seeks arbitration of the reasonableness and validity of a rule against facial hair." However, in oral argument, counsel for plaintiff stated that it is not arguing that the facial hair policy is not proper but that it is excessive and not applied in an even-handed manner, but rather discriminatorily, and that defendant has used favoritism in the application of the policy (Transcript, p. 10, 11.14–23). In addition, although plaintiff claims that the policy and the threat of discipline and discharge "impact" employees, it admits that there has been no discipline or discharge of any employee. Thus, Art. 5.02 of the collective bargaining agreement covering discipline of employees is not applicable. It is clear to the Court, from plaintiff's complaint, the Barnes' Affidavit and plaintiff's Reply Memorandum that, in reality, plaintiff challenges the content of the facial hair policy, including the scope of its coverage, rather than the manner in which it is or has been applied to any of the employees.

■ In ruling on plaintiff's motion, this Court's duty is to ascertain "whether the party seeking arbitration is making a claim which on its face is governed by the contract," *United Steelworkers v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). "Whether or not the company is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court on the basis of the contract entered into by the parties," *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 1581 (1962).

■ The Union appeared to suggest in oral argument (*e.g.,* Transcript, p. 26, 11.3–5; p. 20, 11.11–21), although it did not pursue the point, that the facial hair policy is not a health and safety policy, and the company, in its Post-Argument Memorandum argued that there is a fact question as to whether the facial hair policy is a health and safety policy specifically excluded from grievance arbitration. The Company's memorandum announcing the policy (Exhibit B to Plaintiffs' Memorandum in Support of its Motion for Summary Judgment) explains that its purpose is protection from exposure to abnormally high levels of hazardous material, in conformance with the National Institute for Occupational Safety and Health's tests and recommendations. The Court concludes that there is no question that the facial hair policy is a health and safety policy—it obviously is. The question before the Court is whether the policy is excluded from arbitration by the language of Art. 10 of the collective bargaining agreement.

The parties' collective bargaining agreement does not exclude all "health and safety matters" from arbitration. Counsel for defendant acknowledged in oral argument (Transcript p. 34, 11.11–13; p. 36, 11.8–12) that the company would arbitrate the reasonableness of a health and safety policy as it applied to a particular individual under the grievance arbitration clause. The collective bargaining agreement does, however, circumscribe the Union's contribution to health and safety policies of the Company outside the context of disciplinary actions and provide a specific means for resolving disputes over health and safety policies. Section 1 of Article 10 establishes a Health and Safety Committee, comprised of Union

and company representatives, whose purpose is "to assist in promoting safe and healthful working conditions and procedures ... and to encourage all employees to follow established health and safety procedures." The committee "is to meet periodically and discuss health and safety matters and make recommendations to management." The agreement provides that, "[d]ecisions by the Company with respect to health and safety recommendations shall not be subject to the grievance and arbitration procedures of the Articles of Agreement." Similarly, section 2 of Article 10 excludes from grievance and arbitration procedures the subject matter of negotiations between the company and the union which are held "upon request by the Union and through their designated negotiating representatives on proposals made by the Union with respect to open and mandatory subjects for bargaining on health and safety." It is clear to this Court that the parties collective bargaining agreement makes the Health and Safety Committee recommendations and negotiations on Union proposals the exclusive means of Union input into the Company's health and safety policies in the abstract. The ability of the Union to challenge such policies generally, without regard to their application to any particular employee, by taking them to an arbitrator, would circumvent and thereby vitiate the provisions of Article 10 of the parties' agreement. Although plaintiff does not seek "quasi-legislative" interest arbitration after having reached an impasse in bargaining with defendant over a new agreement,[3] a ruling by the arbitrator on the reasonableness of the facial hair policy in general would have the effect of rewriting the parties' contract.

Defendant's affidavits, in particular the affidavit of R.P. Frutigor, raise fact issues regarding whether there were "recommendations on the facial hair policy" by the Health and Safety Committee within the meaning of the contract, and whether the policy in question was a decision with respect to such a recommendation, and also whether the Union proposed negotiations on facial hair or masks. However, in light of collective bargaining agreement's provision for an exclusive means of Union input into health and safety policies, the applicability of Article 10 to this dispute is not material. Whether the exclusions from arbitration of Article 10 apply to the facial hair policy or not, plaintiff Union cannot, consistent with the collective bargaining agreement, obviate these exclusive procedures agreed to by the parties, by arbitrating the reasonableness of such a policy.

■ In addition, although it is not necessary to reach the issue, the Court rejects plaintiff's argument that the question of whether it may obtain arbitration of its grievance against the company's facial hair policy, absent the discharge or discipline of any particular employee, is one of procedural arbitrability which is for the arbitrator under *John Wiley and Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). The difference between this case and *Wiley,* is that here, this Court has not "determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration." The subject matter of this dispute, the reasonableness of the company's health and safety policy, is, as discussed above, not arbitrable under the terms of the parties' collective bargaining agreement. Thus, the question whether, absent the discipline or discharge of any employee for violation of the rule, the reasonableness of the policy itself can be submitted to arbitration, is not a " 'procedural' [question] which grow[s] out of the dispute and bear[s] on its final disposition ..." *Wiley* at 557, 84 S.Ct. at 918. In direct

---

3. *See, e.g., NLRB v. Columbus Pressman & Assistants' Union No. 252,* 543 F.2d 1161, 1163, n. 4 (5th Cir.1976).

There are generally two types or categories of labor arbitration. The more common type is grievance arbitration, which relates to disagreement over the interpretation of the terms of an *existing* contract. The other type is concerned with the arbitration of *new* contract provisions, usually resorted to when the parties are unable to agree on the provisions of a new, renewed or reopened contract ... (emphasis in original).

contrast to *Waverly Mineral Products Co. v. United Steel Workers of America,* 633 F.2d 682 (5th Cir.1980), where there was no question that the subject matter was subject to arbitration but only whether the arbitration exceeded the scope of the issues presented to the arbitrator, and to *Alabama Power Co. v. Local Union No. 391,* 612 F.2d 960, 962 (5th Cir.1980), which presented the question of "whether the parties have met the procedural prerequisites that condition the duty to arbitrate under the collective bargaining agreement," in this case, the subject matter, the reasonableness of a health and safety policy is expressly excluded from arbitration.

In conclusion, mindful that doubts should be resolved in favor of coverage by the parties collective bargaining agreement's arbitration clause, the Court can say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 584, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). Accordingly, it is

ORDERED, ADJUDGED, and DE-CREED that plaintiff's Motion for Summary Judgment be and hereby is DENIED. Summary Judgment is hereby GRANTED to defendant.