**William A. FRASER, Appellant,**

v.

**Philip M. GOTTFRIED and Graeme W. Bush, Appellees.**

No. 92–CV–111.

District of Columbia Court of Appeals.

Argued Oct. 13, 1993.

Decided Jan. 31, 1994.

William S. Burroughs, Jr., Alexandria, VA, for appellant.

Mark S. London, Washington, DC, for appellees.

Before ROGERS, Chief Judge, and TERRY and SULLIVAN, Associate Judges.

TERRY, Associate Judge:

William Fraser appeals from an order dismissing his amended complaint under Super.Ct.Civ.R. 12(b)(6) for failure to state a claim upon which relief could be granted. Fraser had sued appellees Gottfried and Bush for an accounting, money damages, and other relief based on appellees' supposed breach of a partnership agreement, but the trial court ruled that the complaint failed to allege the existence of a partnership.[1] We disagree and, accordingly, reverse and remand for further proceedings.

## I

Because this appeal entails review of a motion to dismiss under Rule 12(b)(6), we construe the complaint in the light most favorable to appellant, accepting its allegations as true. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *McBryde v. Amoco Oil Co.,* 404 A.2d 200, 202 (D.C.1979). Our summary of the facts, therefore, is based on the allegations in appellant's amended complaint.

The dispute between the parties stems from an effort to buy and subdivide a parcel of land in the District of Columbia. Delia Kuhn owned a piece of property on Audubon Terrace, N.W. After Mrs. Kuhn's death in 1990, several of her neighbors, including appellant—and, eventually, appellees as well—became interested in buying the land. Between April and July of 1990, appellant discussed the purchase of the Kuhn property with three neighbors.[2] On July 1 appellant Fraser, appellees Gottfried and Bush, and two of the other three neighbors who remained interested in the property (Newmey-

---

1. Appellant raises two other issues in his brief. The first, whether partnership assets were properly alleged, need not be decided here because it does not affect the legal sufficiency of appellant's amended complaint. The second issue, concerning the applicability of the statute of frauds, was withdrawn by appellant at oral argument.

2. The three were Donald Brown, James Newmeyer, and Hunter Malloy. Appellees were not members of this group.

er and Brown) met to discuss buying it.[3] Fraser, Gottfried, Bush, and Brown agreed to make a bid. The next day they submitted a letter to Mrs. Kuhn's personal representative offering to buy the property, but he rejected their offer. Brown then withdrew from the group, leaving Fraser, Gottfried, and Bush as its only members.

According to the complaint, the parties then entered into an oral partnership agreement. The partnership's business was to be the purchase, development, and resale of the Kuhn property. Each partner was (1) to contribute equally to the partnership's capital, (2) to be an equal co-owner and to have equal control of the business, (3) to share equally in any profits or losses, and (4) to have the right to receive title to a particular lot that would be created by subdivision of the property.

On several occasions between July 2 and July 20, the parties conferred with one another and with a representative of the Kuhn estate about their plans to buy the property. They discussed purchase prices and payment terms, possible financing for its development, and subdivision of the property into lots. They also met with potential buyers of these lots and paid for legal advice rendered earlier to the group of neighbors who initially had been interested in buying the land. Appellant Fraser maintains that these activities showed the existence of a partnership under District of Columbia law.

The complaint alleged that the partnership was wrongfully dissolved by Gottfried and Bush between July 20 and September 6, 1990. They told Fraser on July 20 that they no longer wished him to participate with them in the purchase and development of the property, and after July 20 they began to exclude him in large part from the partnership's business, causing him to be involuntarily expelled from the partnership. In the weeks that followed, until about the middle of October, Gottfried and Bush negotiated with Fraser about the terms of the partnership's dissolution. In the course of those negotiations, Fraser asked Gottfried and Bush to put in writing his right to receive title to one of the subdivided lots (Lot 10). Gottfried

and Bush "promised to provide such a writing at a later time" and asked Fraser to "trust" them. No such writing was ever delivered, however, and Gottfried and Bush refused to allow Fraser to exercise his right to take title to Lot 10. Fraser asserted that the dissolution of the partnership and his exclusion from it were wrongful and contrary to the partnership agreement, which contemplated the purchase, development, and resale of the property, an undertaking that had not been completed when the dissolution began.

Fraser also alleged "on information and belief" that even before July 20 Gottfried and Bush had separately negotiated with the Kuhn estate to buy the property, that they had arranged financing independently of his agreement to contribute to the purchase, and that they had even negotiated the sale of one of the lots to provide the money needed to buy the land without Fraser's help. The complaint alleged that these actions gave Gottfried and Bush *de facto* control of the property when dissolution of the partnership began and *de jure* control during the dissolution. From May to July 1991 Fraser repeatedly requested an accounting of the partnership's operations, which Gottfried and Bush refused to provide.

Fraser filed this suit against Gottfried and Bush on August 16, 1991. Gottfried and Bush moved to dismiss his complaint under Rule 12(b)(6) for failure to state a claim, arguing *inter alia* that Fraser had failed to allege sufficient facts to show that a partnership had ever existed or that the parties had agreed to any set of mutually binding obligations. They argued that the facts alleged in the complaint "show simply that the parties were mutually interested in the purchase or development of the land, and that between July 1, 1990, and September 6, 1990, they took some joint steps to facilitate their mutual interest," and that "on July 20, 1990, the defendants *specifically informed* [Fraser] that they did *not* wish to participate with him in the proposed purchase and development of the land" (emphasis in original).

The trial court, after a hearing on the motion to dismiss, stated that "the problem is

3. Fraser invited Gottfried to the meeting; Gott- fried in turn invited Bush.

one of frustrated expectations." The court found that by July 20, 1990, "there was no meeting of the minds" and that the partnership "never ripened. The deal fell apart." The court thereupon ruled that "the motion should be granted."

Fraser, however, requested and was granted leave to file an amended complaint. After he did so, Gottfried and Bush moved once again to dismiss under Rule 12(b)(6) for failure to state a claim. At a hearing on that motion, their counsel argued that the amended complaint should be dismissed because there was no explicit agreement and there was "no partnership through conduct," no "implicit agreement" as was asserted in *Beckman v. Farmer*, 579 A.2d 618 (D.C. 1990). Fraser's counsel replied that his opponent was confusing the issue:

> This is not a motion for summary judgment.... This is not the purpose of the exercise. It is whether or not an agreement has been alleged and whether or not the elements of partnership set forth in the statute have been alleged.

The trial court, for reasons that are difficult to glean from the record because the transcript is garbled,[4] granted the motion to dismiss. This appeal followed.

## II

█ A motion to dismiss for failure to state a claim should be granted only if "it appears beyond a doubt that [the plaintiff] can prove no set of facts in support of his claim which would entitle him to relief."[5] *McBryde, supra*, 404 A.2d at 202 (citations omitted). Moreover, "[a]s a general rule, a complaint should not be dismissed under Rule 12(b)(6) because the court doubts that the plaintiff will prevail in the action." *Id.* The purpose of a Rule 12(b)(6) motion "is to test the formal sufficiency of a statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356, at 294 (2d ed. 1990) (footnote omitted). Thus the sole issue in this appeal is whether appellant's amended complaint sufficiently alleges the existence of a partnership.[6]

Under the District of Columbia Uniform Partnership Act, a partnership is "an association of two or more persons to carry on as co-owners of a business for profit." D.C.Code § 41–105(a) (1990); *see also Beckman v. Farmer, supra*, 579 A.2d at 627 (although "the partnership relation has been variously defined, traditionally it is formed 'when two or more competent persons [contract] to place their money, effects, labor, and skill or some or all of them, in lawful commerce or business, and to divide profit and bear the loss in certain proportions'" (citation omitted)). The *Beckman* case reminds us that there are several indicia of the existence of a partnership, but the fundamental issue is one of intent. "[A]lthough the manner in which the parties themselves characterize the relationship is probative, the question ultimately is objective: did the parties intend 'to do the acts in law that constitute partnership?'" 579 A.2d at 627 (citation omitted). Under *Beckman*, "[t]he customary attributes of partnership such as profit and loss sharing and joint control of decisionmaking are necessary guideposts of inquiry, but none is conclusive." *Id.* Fraser contends that he alleged in his amended complaint the existence of all of these general indicators, as

---

4. The transcript, which was prepared from a tape recording, contains several passages marked "inaudible."

5. Because a motion to dismiss a complaint under Rule 12(b)(6) "presents questions of law, our standard of review for dismissal for failure to state a claim is *de novo*." *Johnson–El v. District of Columbia*, 579 A.2d 163, 166 (D.C.1990) (citations omitted).

6. Strictly speaking, the relationship between the parties may have been a joint venture rather than a true partnership. "Two or more persons who join in a particular business enterprise for profit, as in the purchase, development and sale of real estate, create a joint adventure or venture." *Libby v. L.J. Corp.*, 101 U.S.App.D.C. 87, 90, 247 F.2d 78, 81 (1957) (citations omitted; emphasis added). However, a partnership and a joint venture are very much alike in many ways, and the distinction between them is not critical in this case. *See Jonathan Woodner Co. v. Laufer*, 531 A.2d 280, 285 n. 7 (D.C.1987) (discussing similarities and differences between a partnership and a joint venture). For the sake of simplicity, therefore, we shall use the terms "partner" and "partnership" throughout this opinion.

well as the five specific elements required by D.C.Code § 41–105(a) for the formation of a partnership: (1) an association (2) of two or more persons (3) to carry on as co-owners (4) a business (5) for profit.

Fraser's amended complaint states that the parties agreed to work together as partners and that the partnership consisted of the three parties to this suit. It describes how the parties intended to carry on the business as co-owners; it also identifies the business to be conducted. Finally, the complaint says that the purchase of the Kuhn property was intended to earn a profit. Thus it is obvious that the amended complaint sufficiently alleges the five statutory elements of a partnership.

Appellees argue that, notwithstanding the amended complaint, no partnership ever came into being because the parties did not intend to form a partnership. Whether or not a partnership actually existed, however, is not the issue at this stage of the proceedings. *See Jonathan Woodner Co., supra* note 6, 531 A.2d at 285 ("the existence *vel non* of a [partnership] is a factual issue properly reserved for the ... trier of fact"). Appellees also contend that "[t]o determine whether a partnership exists, a court must first determine whether the parties entered into a binding agreement with certain essential terms, and then analyze that agreement to determine ... whether the parties were partners." These arguments, however, are premature, for they do not address the legal sufficiency of the complaint, which is the only issue here. They might be appropriately made in the context of a motion for summary judgment (assuming one is filed), but they are unpersuasive when offered in support of a Rule 12(b)(6) motion to dismiss for failure to state a claim.

Appellees' arguments are presented in terms of whether or not appellant ultimately will win on the merits. For example, in their brief they maintain that *Beckman* "starkly highlights the frailty of Mr. Fraser's claim" because, although "the indicia of partnership in *Beckman* were multitudinous ... the Court of Appeals still held that the trial court could not conclude as a matter of law that this entity was a partnership." This argument misses the mark. Appellant is not asking for a determination that there was a partnership as a matter of law; he is merely contending that he has made a legally sufficient allegation of the existence of a partnership.[7]

Summing up, we hold that appellant Fraser sufficiently alleged the existence of a partnership in his amended complaint to state a claim upon which relief could be granted. Since the legal sufficiency of the complaint is the only issue before us, we conclude that the trial court erred when it dismissed the complaint under Rule 12(b)(6). The order dismissing the amended complaint is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

7. Confusion of a similar nature appears in other parts of appellees' brief. For example, a few pages later they argue:

> [F]rom the bare allegations that the parties had mutual interests and took several joint actions in furtherance of those interests, Mr. Fraser would have the Court conclude that the parties to this action were "partners," and then impose upon them the duties and responsibilities

upon which the "partnership" finding should have been based in the first place.

Appellant correctly disposes of this argument in his reply brief, stating that he "is not seeking imposition of partnership duties on the [appellees] as a matter of law. Rather, such imposition is sought upon proof of the agreement and other matters alleged in the complaint."